**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| RONNIE ROY VERA, | No. 17-17559 |
| Petitioner-Appellee, | D.C. No. 4:15-cv-00613-FRZ-DTF |
| v. | |
| CHARLES L. RYAN, Warden, Director, Arizona Department of Corrections, et al., | MEMORANDUM* |
| Respondent-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Frank R. Zapata, District Judge, Presiding

Argued and Submitted May 15, 2018
San Francisco, California

Before: THOMAS, Chief Judge, FRIEDLAND, Circuit Judge, and ZILLY,**
District Judge.

The State of Arizona appeals the conditional grant of Ronnie Vera's habeas

corpus petition. We have jurisdiction under 28 U.S.C. § 2253, and we reverse.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Thomas S. Zilly, United States District Judge for the
Western District of Washington, sitting by designation.

Because the parties are familiar with the history of this case, we need not recount it here.

I

The Arizona Court of Appeals vacated an Arizona superior court order, which granted post-conviction relief, reasoning that Arizona Revised Statutes ("A.R.S.") "§ 13–716 provides an adequate remedy for Vera's *Miller* claim." *State v. Vera*, 334 P.3d 754, 759 (Ariz. Ct. App. 2014) (citing *Miller v. Alabama*, 567 U.S. 460 (2012)). We can grant relief only if this decision is "contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1).

The decision is not "contrary to" clearly established federal law because the Arizona Court of Appeals applied the holding in *Miller*, as well as the relevant precedent, and the existence of § 13–716 factually distinguishes this case from *Miller*. *Vera*, 334 P.3d at 757–59; *see also Van Lynn v. Farmon*, 347 F.3d 735, 738 (9th Cir. 2003) (explaining "contrary to" standard). Nor is the decision an "unreasonable application of" *Miller*. *See Van Lynn*, 347 F.3d at 738 (explaining "unreasonable application" standard). *Miller* held that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without [the] possibility of parole for juvenile offenders," and instead requires "individualized consideration"

2

before imposing such a sentence on a juvenile. 567 U.S. at 479–80. Section 13–716 resentences Vera to life in prison with the possibility of parole after twenty-five years. *Miller* therefore does not require any consideration of Vera's status as a juvenile offender before imposing this sentence. *See Montgomery v. Louisiana*, 577 U.S. __, 136 S. Ct. 718, 736 (2016) (indicating that a state can remedy a *Miller* problem by passing a statute that provides juveniles sentenced to life in prison a possibility of parole).

II

The Arizona statute did not violate the Ex Post Facto Clause. An ex post facto sentencing law imposes a harsher sentence than the "law annexed to the crime, when committed." *Calder v. Bull*, 3 U.S. 386, 390 (1798). When a sentence available at the time of the crime is subsequently rendered unconstitutional, "[t]he actual existence of [the invalidated sentencing] statute, prior to such a determination, is [still] an operative fact and may have consequences which cannot justly be ignored." *Dobbert v. Florida*, 432 U.S. 282, 298 (1977) (quoting *Chicot Cty. Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 374 (1940)). One such consequence is providing "fair warning as to the degree of culpability which the State ascribed" to a particular crime. *Id.* at 297. Accordingly, for ex post facto purposes, we compare a challenged sentence to the

sentences available at the time of the crime, regardless of their present constitutionality, to determine whether a subsequent law imposes a harsher sentence. *Id.* at 297–98; *see also Watson v. Estelle*, 886 F.2d 1093, 1096 (9th Cir. 1989) ("The key *ex post facto* inquiry is the actual state of the law *at the time the defendant perpetrated the offense . . .* [and] whether he had fair notice of the consequences of his actions." (second emphasis added)).

At the time of the murder in 1995, the sentencing options for juveniles who committed first degree murder in Arizona were death or life in prison without the possibility of parole, which at that time were constitutional sentences. A.R.S. § 13–703 (1995) (current version at A.R.S. § 13–751); A.R.S. § 41–1604.09(I) (1995) (eliminating parole for felony offenses committed on or after January 1, 1994) (current version at A.R.S. § 41–1604.09(I)); *see also Miller*, 567 U.S. at 479 (holding in 2012 that mandatory life in prison without the possibility of parole sentences for juveniles are unconstitutional); *Roper v. Simmons*, 543 U.S. 551 (2005) (holding that death sentences for juveniles are unconstitutional). Of these options, Vera received a sentence of life in prison without the possibility of parole. In 2014, § 13–716 resentenced Vera to life in prison with the possibility of parole after twenty-five years. *See Vera*, 334 P.3d at 757–59. Because this sentence is

not harsher than the original sentence Vera received, § 13–716 is not an ex post facto law as applied to Vera.

## III

In his amended habeas petition, Vera asserted as a ground for relief that Arizona continues to have no process through which he can seek parole. The district court did not address this issue because its favorable ruling on Vera's ex post facto argument rendered the subject moot. On appeal, we requested supplemental briefing on the question of whether § 13-716, as implemented by the Arizona Department of Corrections, actually provides an opportunity for Vera to obtain parole within the meaning of *Miller* and *Montgomery*. Based on the supplemental submissions, we are not persuaded that it does; however, further factual development is required, and we remand for the district court's consideration in the first instance, with the district court directed to allow amendment of the petition as necessary.[1]

**REVERSED AND REMANDED.**[2]

---

[1] We also leave it to the district court to consider in the first instance whether this issue is ripe.

[2] We deny Vera's motion for bail pending appeal, without prejudice to renewal of the motion before the district court. We also deny as moot Vera's motion to refer this appeal to mediation. We grant the State's motion to withdraw its motion for a stay of this appeal.